PUBLISH

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-01319-REB

MELISSA RUSS,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed May 20, 2013, seeking

review of the Commissioner's decision denying plaintiff's claims for disability insurance

benefits and supplemental security income benefits under Titles II and XVI of the Social

Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Commissioner's

final decision under 42 U.S.C. § 405(g).  The matter has been fully briefed, obviating the

need for oral argument.  I reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of fibromyalgia, endometriosis,

migraines, and depression.  After her applications for disability insurance benefits and

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on December 13, 2011.  At the time of the hearing, plaintiff was 35 years old.  She has an associates degree with some additional college courses, and past relevant work experience as a teacher's assistant, janitor, and kennel attendant.  She has not engaged in substantial gainful activity since January 1, 2005, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established that plaintiff's fibromyalgia and depression constituted severe impairments, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Plaintiff's endometriosis and migraines were determined to be non-severe.  The ALJ found that plaintiff had the residual functional capacity to perform a range of sedentary to light work with certain postural and environmental restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step 5 of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42

2

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

> 1.   The ALJ must first ascertain whether the claimant is
>      engaged in substantial gainful activity. A claimant who is
>      working is not disabled regardless of the medical findings.
>
> 2.   The ALJ  must then determine whether the claimed
>      impairment is "severe."  A "severe impairment" must
>      significantly limit the claimant's physical or mental ability to
>      do basic work activities.
>
> 3.   The ALJ must then determine if the impairment meets or
>      equals in severity certain impairments described in Appendix
>      1 of the regulations.
>
> 4.   If the claimant's impairment does not meet or equal a listed
>      impairment, the ALJ must determine whether the claimant
>      can perform his past work despite any limitations.
>
> 5.   If the claimant does not have the residual functional capacity
>      to perform her past work, the ALJ must decide whether the
>      claimant can perform any other gainful and substantial work
>      in the economy.  This determination is made on the basis of
>      the claimant's age, education, work experience, and residual

functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[2]  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of

---

[2]  Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner. *Id.*

## III.  LEGAL ANALYSIS

Plaintiff alleges several grounds of error in this appeal.  Because I find that the

ALJ failed to provide adequate support for the weight afforded the opinion of plaintiff's

treating source, I do not address the remainder of plaintiff's arguments, which may be

impacted by reconsideration of this issue on remand.  *See Watkins v. Barnhart*, 350

F.3d 1297, 1299 (10th Cir. 2003); *Gorringe v. Astrue*, 898 F.Supp.2d 1220, 1225 (D.

Colo. 2012).

Plaintiff regularly saw Dr. Amy Scanlan for treatment of fibromyalgia from

January 2008 through April 2010.  (Tr. 391-433.)  In December 2009, Dr. Scanlan

completed a form at the request of plaintiff's employer[3] to determine whether plaintiff

had an impairment that interfered with a major life activity and, if so, what, if any,

accommodations might allow plaintiff to continue to perform the essential functions of

her job.[4]  (Tr. 381.)  In response, Dr. Scanlan stated that plaintiff suffered from fatigue

and migraines which would impact her abilities to walk, lift, and stand for long periods of

time and that, "on days that her fibromyalgia is flaring, she may have difficulty" with

---

[3] It is undisputed that plaintiff continued to work as a childcare attendant 20 to 22 hours per week for the South Suburban Parks and Recreation Department during the period of her alleged disability.  The ALJ concluded, however, that this work activity did not rise to the level of substantial gainful activity and therefore proceeded past step 1 of the sequential analysis.  (Tr. 12.)

[4] The fact that Dr. Scanlan's opinion was offered on a "check-off form," standing alone, is not sufficient to discredit her opinion.  *See Andersen v. Astrue*, 2009 WL 886237 at *6-7 (10th Cir. Apr. 3, 2009) (discussing treating source opinions on Med-9 forms); *Angster v. Astrue*, 703 F.Supp.2d 1219, 1228 n.2 (D. Colo. 2010) (same).  The ALJ did not transgress that principle here.

various work activities "over a long shift." (Tr. 382-383.) Dr. Scanlan suggested that a modified work schedule involving shifts of less than 8 hours would reasonably accommodate plaintiff's impairments. (Tr. 383.) Such an opinion, if accepted, potentially could impact the disability determination. *See* **Social Security Ruling** 96-8p, 1996 WL 374184 at *2 (SSA July 2, 1996) (residual functional capacity requires "ability to do sustained work activities . . . on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule").

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); ***see also Watkins v. Barnhart***, 350 F.3d 1297, 1300 (10th Cir. 2003). Good cause may be found when a treating source opinion is brief, conclusory, or unsupported by the medical evidence. ***Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). ***See also Langley v. Barnhart***, 373 F.3d 1116, 1119 (10th Cir. 2004).[5] In

---

[5] These factors include:

1.   the physician's length of treatment of the claimant;
2.   the physician's frequency of examination;
3.   the nature and extent of the treatment relationship;
4.   the support of the physician's opinion afforded by the medical evidence of record;
5.   the consistency of the opinion with the record as a whole; and
6.   the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2).

either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision.  ***Watkins***, 350 F.3d at 1301; ***Goatcher v. United States Department of Health & Human Services***, 52 F.3d 288, 290 (10th Cir. 1995); ***Frey***, 816 F.2d at 513.

The ALJ here afforded Dr. Scanlan's opinion little weight on the ground that it was inconsistent with her own treatment notes and thus appeared to be based solely on plaintiff's subjective complaints.  (Tr. 17.)  Initially, I note that, even where substantiated, the observation that a physician has relied on a claimant's subjective reports of her symptoms provides absolutely no basis for rejecting a medical source opinion:

> A medical finding of disability . . . includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain.  A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone, do not fully substantiate the claim.

***Nieto v. Heckler***, 750 F.2d 59, 60-61 (10th Cir. 1984); ***see also Orender v. Barnhart***, 2002 WL 1747501 at *6-7 (D. Kan. July 16, 2002).  The ALJ's own obvious disbelief of plaintiff's reports regarding her own limitations provides no basis for rejecting an otherwise properly substantiated medical source opinion.  ***See McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may not reject treating physician opinion, *inter alia*, "due to his or her own credibility judgments").  Special care should be taken in relying on such an observation in cases of fibromyalgia, the diagnosis of which is based entirely on the patient's subjective reports.  ***See Davis v. Astrue***, 2010 WL 3835828 at

*5 (D. Colo. Sept. 23, 2010).[6]

Moreover, in suggesting that Dr. Scanlan's treatment notes did not support the assigned limitations of her opinion, the ALJ cited to the entirety of the doctor's treatment notes, without pointing to any specific record within that 69-page exhibit that ostensibly supported his conclusion. (*See* Tr. 17.) The court is neither inclined nor, indeed, authorized, to search through the administrative record in an attempt to pinpoint evidence that might support the ALJ's findings, *see Cira v. Colvin*, 2014 Wsl 4437285 at *3 (D. Colo. Sept. 9, 2014); *Guttierez v. Colvin*, 2014 WL 4437280 at *4 (D. Colo. Sept. 9, 2014), and the Commissioner's attempts, *post hoc*, to fill in the blanks on the ALJ's behalf are improper as well, *see Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th

---

[6] As I previously explained in *Davis*:

> As the Tenth Circuit has recognized, "[t]here are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots[.]" *Gilbert v. Astrue*, 2007 WL 1068104 at *4 (10th Cir. April 11, 2007) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)). More to the point, "its symptoms are entirely subjective." *Id.* (quoting *Sarchet*, 78 F.3d at 306). *See also Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 (6th Cir. 2007) ("[U]nlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs."). Thus, fibromyalgia "is diagnosed entirely on the basis of patients' reports and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). *See also Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2nd Cir. 2003) (noting that "a patient's report of complaints, or history, is an essential diagnostic tool" in fibromyalgia cases). Accordingly, lack of medical testing and minimal objective medical findings are typical in fibromyalgia cases, and persons suffering from fibromyalgia often "manifest normal muscle strength and neurological reactions and have a full range of motion." *Preston v. Secretary of Health and Human Services*, 854 F.2d 815, 820 (6th Cir. 1988).

2010 WL 3835828 at *5

Cir. 2005).[7]  Lacking an analysis specifically tied to the evidence in the record, the ALJ's determination is merely a conclusion in the guise of a finding, and does not constitute substantial evidence in support of the disability decision.  *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).

## IV.  ORDERS

Accordingly, the ALJ's disability decision must be reversed and remanded.[8]  On remand, the ALJ must reconsider the weight to be afforded Dr. Scanlan's opinions, specifically linking his findings to the evidence so that a reviewing court can discern precisely the bases therefor.  The court expresses no opinion on the other issues raised in this appeal, which may be revisited on remand to the extent necessary in light of the reexamination required by this order.

**THEREFORE IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2.  That this case is **REMANDED** to the ALJ to

a.  Reevaluate the treating source and any other medical opinions of record, making specific findings regarding the weight assigned to each such opinion and the reasons therefor; and

---

[7]  Moreover, the court notes that Dr. Scanlan's recommendation for a reduced work schedule was echoed by at least one other treating source, Dr. Laurie Incy.  (*See* Tr. 563.)

[8]  Because the record requires further development and expiation, I find it would not be proper to exercise my discretion to direct an award of benefits in this case.  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

b.  Recontact any treating or examining source, seek the testimony of

medical or vocational experts, order consultative examinations, or

otherwise further develop the record as he deems necessary; and

c.  Reassess the disability determination; and

3.  That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court

pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C.

§ 2412(a)(1).

Dated September 15, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge